REEBEL, Jr., Admr., Plaintiff-Appellee, v. IGNAT et, Defendants-Appellants.

Ohio Appeals, Seventh District, Mahoning County.

No. 3380.   Decided December 29, 1950.

Charles T. Vaughn, Youngstown, for plaintiff-appellee.
Joseph E. Julius, Youngstown, for defendants-appellants.

## OPINION

By PHILLIPS, PJ.

In this opinion Richard G. Reebel, Jr., Administrator of the Estate of Anthony J. Loftus, deceased, defendants Mike Ignat and Mary Ignat, and plaintiff's decedent, will be called plaintiff, defendants and decedent respectively.

In 1929 decedent sold and conveyed to defendants real property situated in Campbell, Ohio. Shortly thereafter defendants executed and delivered to decedent their promissory note in payment of the unpaid balance of the purchase price

of such premises, which they secured by a purchase money mortgage thereon. In 1934 defendants refinanced such property through The Home Owners Loan Corporation, to whom they executed their note and first mortgage evidencing the loan made to them by such refinancing; and from the proceeds of such loan paid decedent $2255.16 to apply on the amount they owed on the original note executed to him, leaving a balance due thereon of $550.00. Subsequently they executed and delivered to decedent their promissory note for such $550.00 as evidence of the amount then due and owing by them on their original promissory note. Defendants secured that note by a second mortgage upon the property in question, which is recorded in volume 363, page 212, Mahoning County Records of Mortgage Deeds. That indebtedness was listed by plaintiff as an asset of decedent's estate.

Defendants paid the first mortgage on the property in full, and fourteen years after its execution and the execution of their note of $550.00 to decedent, during which time they claim demand was never made upon them to pay it, or any part thereof, defendants learned, as they contend, from the Recorder of Mahoning County of their claimed indebtedness to plaintiff in the amount of $1031.25, the balance then due on the note allegedly executed by them in the amount of $550.00.

Plaintiff sued defendants in the court of common pleas to recover the balance due on the note of $550.00, which note they alleged had been lost.

Defendants denied the execution of such note, and by cross-petition alleged that it and the mortgage securing it were forged, and prayed the court to cancel both instruments and remove the cloud created thereby from their title to such real estate.

The trial judge found for plaintiff in the amount prayed for, dismissed defendants' cross-petition, and entered judgment accordingly.

Defendants appealed from the judgment of the trial court on questions of law, and by assigned grounds of error contend that the trial judge erred to their prejudice "in admitting evidence offered by the plaintiff to which defendants-appellants duly objected and excepted; in excluding evidence offered by defendants-appellants to which rulings they duly excepted; in overruling motion of defendants-appellants at the conclusion of plaintiff's case for dismissal of the action for insufficient evidence, to which ruling the defendants duly excepted; in overruling motion of defendants-appellants at the conclusion of the case for dismissal of this action for insufficient evidence to which ruling the defendants duly ex-

cepted"; and "in overruling motion of defendants-appellants at the conclusion of all the evidence for judgment for the defendants based upon the evidence adduced, to which ruling the defendants duly excepted." Further by such assignments of error defendants contend "that the finding and judgment is not sustained by sufficient evidence and is contrary to the manifest weight of the evidence, and is, therefore, contrary to law"; that the trial judge erred to their prejudice in "overruling defendants' motion for new trial, to which ruling the defendants duly excepted"; and that there are "errors of law occurring during the trial and apparent on the face of the record."

The attorney, whose testimony we believe was received properly in the trial court, who was a witness to the recorded mortgage securing the note for $550.00, both of which instruments were purportedly signed by defendants, testified that he prepared such instruments; that defendants executed them; that he witnessed and notaried their signatures; and identified defendants as the persons who signed such instruments, which defendants denied signing.

Defendants objected to the introduction of the records of the Recorder of Mahoning County, to which reference is made, and which, as the result of careful study, we cannot conclude constituted prejudicial nor reversible error.

Defendants waived their right to rely on their claimed error that the trial judge erred in failing to sustain their motion to direct a verdict in their favor made at the close of plaintiff's evidence when they accepted the ruling of the trial judge thereon, elected not to stand on their exceptions thereto, proceeded with their defense, and introduced evidence on their own behalf. See **Halkias, Appellee, v. Wilkoff Co., Appellant, 141 Oh St 139.**

The bill of exceptions submitted to us in the case we review has been read, and the conclusion reached that the trial judge did not err to defendants' prejudice in overruling their motions for dismissal of plaintiff's action, nor for the entrance of judgment in their favor made at the close of all the evidence, nor for a new trial upon the ground of insufficient evidence; nor that the finding and judgment of the court entered thereon "are contrary to the manifest weight of the evidence," nor "contrary to law" by reason thereof.

Appellants' counsel has failed to call our attention to "errors of law occurring during the trial and apparent upon the face of the record," as alleged as a ground of error, nor to comply in respect thereto with the provisions of Rule VII of this court that his briefs "shall contain a state-

ment of the questions presented and a succinct statement of so much of the cause, referring to the pages of the record, as is necessary to show how the questions arose, together with a statement of the authorities relied upon." Accordingly we will not pass upon this assigned ground of error.

Having disposed of all of defendants' assigned grounds of error it is apparent from what we have said that the judgment of the court of common pleas must be and hereby is affirmed.

NICHOLS, J, GRIFFITH, J, concur in judgment.